OPINION
{¶ 1} Defendant-appellant Rebecca Vanhesteren ("Vanhesteren") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County, Juvenile Division, finding her to be a delinquent child.
 {¶ 2} On June 13, 2003, the police responded to a complaint of underage drinking in Nevada, Ohio. Deputy Cramer, after speaking with Vanhesteren, who was 15 years of age at that time, took Vanhesteren into custody for underage consumption of alcohol. Vanhesteren was taken to the Sheriff's Department and given a blood alcohol test. The test results indicated that Vanhesteren had .016 grams of alcohol per 210 liters of breath. Vanhesteren denied the consumption of alcohol at all times.
 {¶ 3} On September 29, 2003, a hearing was held on the matter. The trial court heard the testimony from Tasha Spiegel ("Spiegel"), Jamie McMillen ("McMillen"), Vanhesteren, Crystal Freeman ("Freeman"), who is Vanhesteren's mother, and Deputy Cramer. At the conclusion of the hearing, the trial court found that Vanhesteren had consumed alcohol on the evening in question and was underage when she did so. The trial court then found Vanhesteren to be a delinquent child. Vanhesteren appeals from this decision and raises the following assignment of error.
The trial court erred by adjudicating [Vanhesteren] guilty ofunderage consumption of alcohol because the State failed to provebeyond a reasonable doubt that [Vanhesteren] consumed alcohol.
 {¶ 4} In her assignment of error, Vanhesteren is claiming that the trial court's ruling is not supported by the evidence. A delinquent child is one whose conduct violates a criminal statute. R.C. 2952.02(F)(1). "Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. When reviewing the sufficiency of the evidence, our review is limited to determining if evidence was presented, which if believed, could satisfy the average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. "In conducting this evaluation, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at 274.
 {¶ 5} In this case, the trial court heard the testimony of Deputy Cramer, who testified that Vanhesteren's breath had the smell of alcohol when he talked to her at the party. He also testified that her blood alcohol test revealed a very small amount of alcohol in Vanhesteren's body. Spiegel, a juvenile at the party testified that she, personally, was intoxicated that night, but had seen Vanhesteren drink at least two shots of Jack Daniels. In contrast, Vanhesteren testified that she had not been drinking and explained the test results as the effects of taking Nyquil for her breathing problems. Freeman also testified that Vanhesteren was taking Nyquil for breathing problems on the night in question. Finally, McMillen, a third juvenile at the party, testified that she had not been drinking on the night of the party, that she spent the entire evening with Vanhesteren and that she had not seen Vanhesteren consume any alcohol. Given this testimony, the trial court could reasonably conclude that the evidence was sufficient to support the delinquency finding.
Although a court of appeals may determine that a judgment of atrial court is sustained by sufficient evidence, that court maynevertheless conclude that the judgment is against the weight ofthe evidence. * * * Weight of the evidence concerns "theinclination of the greater amount of credible evidence, offeredin a trial, to support one side of the issue rather than theother. It indicates clearly to the jury that the party having theburden of proof will be entitled to [its] verdict, if [thejurors] on weighing the evidence in their minds, * * * shall findthe greater amount of credible evidence sustains the issuewhich is to be established * * *. Weight is not a question ofmathematics, but depends on its effect in inducing belief."
 Thompkins, supra at 387 (citations omitted).
 {¶ 6} The testimony in this case as to whether Vanhesteren consumed alcohol is contradictory. One witness testified that Vanhesteren consumed at least two shots of Jack Daniels whiskey. Two witnesses testified that Vanhesteren had not consumed any alcohol. However, the blood alcohol test indicated that Vanhesteren had a small amount of alcohol in her system. Given this evidence and the officer's testimony that he smelled alcohol on Vanhesteren's breath, the trial court could reasonably conclude that Vanhesteren had consumed alcohol. Thus, the assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Wyandot County, Juvenile Division is affirmed.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.